## WILSON *vs.* ROGERS *et al.*

A homestead is in the nature of a trust estate, and if it be sought to subject it by suit, the pleadings should show the grounds therefor, and the names of the *cestui que trusti*.

(*a.*) A plaintiff seeking to subject a homestead set out his grounds therefor, in that he sued for certain described work thereon, and alleged the wife to be the beneficiary of the homestead; the suit was against the husband and his wife. They pleaded to the merits, a judgment was had for the plaintiff before a justice, an appeal was taken, and a verdict found for the plaintiff. After levy of the *fi. fa.* issued thereunder, an affidavit of illegality was filed on the ground that the petition did not fully set forth the grounds of the liability of the homestead estate or the names of the *cestui que trusts:*

*Held,* that the affidavit was properly dismissed on motion.

Homestead.   Pleadings.   Judgments.   Before Judge LAWSON.   Morgan Superior Court.   September Term, 1881.

Reported in the decision.

J. H. HOLLAND, by brief, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

The defendant in error sued Stephen and Nancy Wilson upon an open account for work and labor done and performed on the homestead estate of the said parties, amounting to the sum of $50.55.

The petition set out the specific work done and each item thereof in a bill of particulars attached. The defendants pleaded the general issue and a set-off. The justice of the peace before whom the case was tried gave judgment for the plaintiff in the sum sued for. An appeal was taken to the superior court, and upon the trial a verdict and judgment were rendered for the plaintiff, from which a *fi. fa.* was issued and levied upon the property specified therein.

The levy having been made, Nancy Wilson filed her affidavit of illegality to the execution upon the ground that the suit, the foundation of the execution, failed to set forth the grounds of said claim, and how and in what manner the said estate was liable, and because the names of the *cestui que trusts* were not set forth as required by law.

The affidavit of illegality was dismissed and the *fi. fa.* ordered to proceed; this judgment of the court below is assigned as error.

The homestead estate being set apart for the use and benefit of the family, is in the nature of a trust estate, and when it is sought to subject the same to the payment of any claim for which it may be liable, the party must file his petition setting forth the grounds of his claim, how and in what manner the estate is liable, and the names of the *cestui que trusts*.

In this case the grounds of the claim are set forth—the particular work done and labor performed on the home-stead land, together with the name of Mrs. Nancy Wilson as the *cestui que trust.* The defendants appeared and pleaded to the merits, making no objection to the peti-tion on either of the grounds taken in the affidavit, and after one verdict, two judgments and a levy, then comes the affidavit of illegality, which can not, under the facts of this case, reach behind the judgment and stop the execution. The more especially is this so when the pro-ceedings are in direct pursuance of law, and the legal presumption being that there was no other *cestui que trust* than the said Mrs. Wilson who was named as such, unless that fact was made to appear otherwise.

We think that the ruling of the judge was right, and the same is therefore affirmed.

Judgment affirmed.